IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

QUINISHA RUTHERFORD,

    Plaintiff,

v.

JACKMONT HOSPITALITY, INC.

    Defendant.

_____

Civil Action No.

JURY TRIAL DEMANDED

# COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Quinisha Rutherford ("Plaintiff" or "Rutherford"), and files this Complaint against Defendant Jackmont Hospitality, Inc. ("Defendant" or "Jackmont Hospitality"), and shows the following:

## I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II.    Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant Jackmont Hospitality, Inc. is a Georgia corporation and resides in this district. In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

## III.    Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant with the job title "accounts payable specialist" from February 23 – November 15, 2016.

7.

Plaintiff was an "employee" of Defendant, as that term has been by the FLSA.

8.

Throughout Plaintiff's employment with Defendant, Rutherford's primary duty was the performance of non-exempt work, specifically data entry and clerical work. The performance of Plaintiff's primary duty did not involve the exercise of discretion and independent judgment on matters of significance.

9.

Defendant is an "employer" as that term has been defined by the FLSA.

10.

Throughout Plaintiff's employment with Defendant, Plaintiff was paid on a salary basis without overtime compensation for hours she worked in excess of 40 in a workweek.

11.

During Plaintiff's employment with Defendant, Plaintiff regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours she worked over 40.

12.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

13.

Throughout Plaintiff's employment with Defendant, Defendant misclassified Rutherford as exempt from the overtime requirements of the FLSA.

14.

Defendant is governed by and subject to the FLSA.

15.

Throughout Plaintiff's employment, Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, on occasions that Plaintiff worked over 40 hours in a workweek.

## **Count I**

### **Violations of the Fair Labor Standards Act.**

16.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

17.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of 40 hours in given workweeks.

18.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

19.

Defendant's violations of the FLSA were willful and in bad faith.

20.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

21.

Defendant knew or had reason to know that Plaintiff regularly worked over 40 hours in workweeks without overtime compensation.

22.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep and preserve records with

respect to its employees, including Plaintiff sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA.

## IV.  Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA, and that Defendant's violations of the FLSA were willful; and

(D) Permit Plaintiff to amend her Complaint to add additional claims if necessary;

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted,

This 4th day of January, 2017.

                                    **BARRETT & FARAHANY**

                                    <u>/s/ V. Severin Roberts</u>
                                    V. Severin Roberts
                                    Georgia Bar No. 940504
                                    Attorney for Quinisha Rutherford

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile